UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BYLD FITNESS + STUDIO, LLC | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| FORZA PILATES, LLC | MAGISTRATE JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, BYLD Fitness + Studio, LLC ("Plaintiff"), by and through undersigned counsel, brings this Complaint for Declaratory Judgment against Defendant, Forza Pilates, LLC ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.

The Plaintiff, BYLD Fitness + Studio, LLC ("BYLD"), is a fitness studio in Moss Bluff, Louisiana. It brings this action for declaratory relief against the Defendant, Forza Pilates, LLC ("Forza" or "Defendant"), which operates a single-location Pilates Studio in Nashville, Tennessee. BYLD seeks declaratory judgment finding that Forza does not possess any protectable trade dress rights in the interior design features included in its studio, which only opened in late 2023; or in the alternative, that BYLD has not infringed upon any protectable trade dress rights possessed by Forza.

4936-1646-5206 v1

2.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a) because this action arises under the Lanham Act, 15 U.S.C. §1051 *et. seq*. This Court also has jurisdiction under 28 U.S.C. §2201 and §2202 because this is an action for declaratory judgment. This court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367 which proceed from a common nucleus of operative facts.

3.

This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the State of Louisiana. In a February 27, 2025 cease and desist letter, Forza claimed to have brand recognition "in Louisiana" and touted its "online sales throughout the country, including in the state of Louisiana." **Exhibit 1** (Cease and Desist Letter). Moreover, the cease-and-desist letter Forza sent to BYLD in this district cited "Louisiana intellectual property law" in support of its threat to sue BYLD for the alleged use of its trade dress. Accordingly, the Defendant purposefully availed itself of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of its laws.

4.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district, and because Defendant is subject to personal jurisdiction in this district.

## PARTIES

5.

Plaintiff BYLD is a Louisiana limited liability company organized and existing under the laws of the State of Louisiana and registered to do and doing business in the state of Louisiana, with its principal place of business in Moss Bluff, Louisiana.

6.

Upon information and belief, Defendant Forza is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business at 724 Merritt Ave #103, Nashville, TN 37203.

## BACKGROUND

7.

Katy Savoie, a life-long dance student and instructor, and her husband Ashton Savoie, formed BYLD in January 2021 and opened a studio at 271 Parish Road in Moss Bluff that April. Rather than charge a "per class" fee, BYLD has since its inception used a membership pricing plan whereby students sign up for different membership levels depending on their needs, abilities, and commitment.

8.

In early 2024, BYLD decided to offer "Reformer Pilates," an exercise regime that involves the use of a machine called a "Reformer." A Reformer consists of a sturdy frame, attached cables, and a movable pad. While lying, kneeling, or sitting on the pad, the user of a Reformer pulls the cables attached to the frame, causing the pad to move. In this way, the user's body weight supplies resistance which strengthens the user.

9.

Given the nature of Reformer Pilates, any studio that offers them will have certain commonly adopted and well known features – open space, hard-surfaced floors, mirrors that allow users to monitor their form, lighting, walls, storage for exercise equipment, and, of course, an entryway.

10.

In remodeling its premises, BYLD added a Pilates Studio to go along with its stationary bicycle and kettlebell rooms. In doing so, BYLD made design choices related to the commonly adopted and well-known features of a Reformer Pilates Studio. These included wood floors in a herringbone pattern, commercially available mirrors, a chandelier for lighting, arched shelving alcoves, and an arched entryway. These design choices were made by Katy Savoie based upon a variety of inspirations. ***At no time, however, did Mrs. Savoie or BYLD intentionally copy any other Pilates studio***.

11.

Following the renovations, BYLD offered Reformer Pilates classes in its Pilates studio at its Moss Bluff studio. As a nod to her background in dance, Katy Savoie named the various classes using dance terminology, including "Foundation," "Forme," and "Jete."

12.

BYLD does not do any paid advertising. However, BYLD does maintain accounts on social media, including Instagram, on which it posts in an effort to promote its business.

### *Forza's Threatening Letter and Infringement Claims*

13.

On February 28, 2025, BYLD received a cease-and-desist letter from a Georgia law firm purporting to represent Defendant, Forza Pilates, LLC. **Exhibit 1** ("Cease and Desist Letter"). On information, Forza Pilates is a single-location Pilates studio located in Nashville, Tennessee, which is believed to have first opened in late 2023.

14.

Despite having only a single location, Forza claimed it had "developed a nationally recognized, highly distinctive brand identity in the Pilates and fitness space." Forza conclusorily described that brand as "a combination of studio architectural elements, interior design features, photography, social media, web site, merchandise and overall branding." **Exhibit 1** (Cease and Desist Letter). However, upon information and belief, Forza has no registered trade dress with any government body, including the US Patent and Trademark Office.

15.

Forza included a list of characteristics of the BYLD Reformer studio room – it does not appear that Forza has any complaints about the other rooms at BYLD's facility – which it claimed were somehow Forza's protected trade dress, such as: "Studio architectural layout and interior design," "Studio entrance archway," "Arched alcoves and shelving . . .," "Color scheme," "Herringbone floors," "Chandelier," and "Arhaus gilded mirrors." Forza also complained about numerous other matters that have nothing to do with trade dress, such as BYLD's use of the same model Reformer machines and its subscription-based pricing strategy.

16.

Forza lectured BYLD that it was "in violation of numerous laws" and demanded that BYLD "immediately cease and desist your conduct and infringement of Forza Pilates' intellectual property rights." Forza then threatened to "take further action against" BYLD, adding: "[w]e have acted against other infringers and will not hesitate to act against you as well if your cooperation is not forthcoming."

17.

While there are significant errors in the Cease and Desist Letter that suggest no one from Forza has ever been to BYLD's studios (such as Forza's false claims that BYLD's studio has the same layout and four Arhaus mirrors, when it has a different layout and five mirrors), BYLD responded with a request that Forza articulate its claimed "trade dress" and provide facts and legal authority suggesting that it is entitled to protection. **Exhibit 2** ("Reply Letter"). At no point has Forza articulated with particularity the metes and bounds of its alleged trade dress. Furthermore, Forza has no registered trade dress. As such, BYLD cannot ascertain with any certainty what rights Forza claims to possess, let alone that BYLD may have infringed. BYLD further cannot ascertain how Forza may have developed common law rights in any alleged trade dress in Louisiana.

18.

As these communications were taking place – and even before – people believed to be acting for and on behalf of Forza, including its owner, have contacted BYLD clientele through social media posts and direct messages accusing BYLD of attempting to copy Forza's alleged trade dress. Similarly, many of these same people, again acting on Forza's behalf, have commented on BYLD social media posts in what is believed to be a campaign intended to manufacture the

argument that BYLD's interior design has resulted in some sort of brand confusion. In other words, upon information and belief, Forza has directed its employees to make spurious attacks and accusations on BYLD's social media accounts in an effort to harm BYLD's reputation.

19.

To address the threats made by Forza, BYLD brings this complaint for declaratory relief, while reserving any and all claims stemming from the improper contacts by Forza, its owner, and people acting on its behalf, to BYLD clientele.

## COUNT 1: DECLARATION THAT NO PROTECTABLE TRADE DRESS EXISTS

20.

BYLD repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

21.

An actual and justiciable controversy exists between BYLD and Defendant regarding whether Defendant owns any protectable interest in its alleged trade dress under the Lanham Act or otherwise.

22.

The Lanham Act is not intended to enable the monopolistic use of a commercial idea, but rather aims to guard against confusion in the marketplace that would harm both buyers and sellers. The Lanham Act must be construed in light of a strong federal policy in favor of vigorously competitive markets. *See Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 379 (2nd Cir. 1997).

23.

On information, Forza has not registered any alleged trade dress with the United States Patent and Trademark Office. Therefore, it is entitled to no presumption that its trade dress is valid or entitled to protection.

24.

Accordingly, Forza must establish that its unregistered alleged trade dress is entitled to protection. This requires establishing that the trade dress is distinctive, either by showing that the trade dress is inherently distinctive or that it has acquired secondary meaning; and that it is non-functional. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769-70, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992).

25.

To determine whether trade dress is inherently distinctive, the court must first determine which elements comprise the trade dress. Despite repeated requests, Forza has never adequately articulated the specific elements of its trade dress in a manner that "give[s] notice of what is claimed to competitors."

26.

Unable to establish any single element as subject to protection, Forza has argued that the totality of its design elements somehow constitutes its trade dress. However, trade dress law's "focus on the overall look of a product does not permit [someone claiming a trade dress] to dispense with an articulation of the specific elements which comprise its distinct dress." *See Clearline Technologies Ltd. v. Cooper B-Line, NC.*, 2012 WL 12893491 (S.D. Tex. 7/2/12).

27.

Beyond enunciating its alleged trade dress with particularity, Forza must further show that the trade dress is distinctive. In the Fifth Circuit, the test is: (1) whether the alleged trade dress is a "common" basic shape or design; (2) whether it was unique or unusual in a particular field; (3) whether it was a mere refinement of a commonly-adopted and well-known form of ornamentation, or (4) whether it was capable of creating a commercial impression distinct from the accompanying words." *See NOLA Spice Designs, LLC v. Haydel Enterprises, Inc.*, 783 F.3d 527 (5th Cir. 2015). The first three tests are merely different ways to ask whether the design, shape, or combinations of elements is so unique, unusual or unexpected in this market that one can assume without proof that it will automatically be perceived by customers as an indicator of origin – a trademark. *Id.*

28.

Here, Forza has not pointed to any element – alone or in combination – that is sufficiently distinctive to entitle it to trade dress protection. Arched entrances are a ubiquitous design feature going back centuries. Mirrors are an almost universal feature in exercise rooms, including Pilates Studios. Arhaus mirrors are a common and commercially available product (and one of few available in a sufficiently large size) that satisfies that function. Arched alcoves, wooden floors, and chandeliers too are common design elements. Placing these common features in a Pilates studio, even in combination, is at most a mere refinement of a commonly-adopted and well-known form of ornamentation. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 745 F. Supp. 2d 1359 (S.D. Fla. 2010).

29.

Trade dress is considered generic if "well-known" or "common," or "a mere refinement of commonly-adopted and well-known form of orientation," or a "common basic shape or design," even if it has "not been refined in precisely the same way." *See Ale House Management, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137 (4th Cir. 2000).

30.

Whether the elements are considered individually or as a totality, there is nothing distinctive about Forza's use of design elements as common as wooden floors, arches, or chandeliers, such as would support a finding that its interior is inherently distinctive. Rather, these design elements are far too ubiquitous in general and particularly in Pilates Studios – which are limited in their design choices based on their intended use – to be protectable. *See HI Ltd., Partnership v. Winghouse of Florida, Inc.*, 347 F.Supp.2d 1256 (M.D. Fla. 2004) (holding that alleged infringing traits were "far too typical of other restaurants . . . to provide any basis for a finding of infringement").

31.

Nevertheless, even if Forza were to have *some* protectable trade dress rights, it lacks any rights in Louisiana. Simply put, Forza cannot establish that an interior design of a single Pilates studio with eight Reformer machines, which opened only a year and a half ago in Nashville, Tennessee, has somehow gained secondary meaning sufficient to give it an interest that is enforceable 700 miles away.

32.

Accordingly, Plaintiff has not infringed any rights of Forza under either the Lanham Act or the Louisiana Unfair Trade Practices Act ("LUTPA"), La R.S. 51:1401 *et seq*. BYLD therefore seeks a declaratory judgment finding that Forza does not own any protectable trade dress rights in the interior elements of its Pilates Studio or at least does not own any trade dress rights enforceable in Louisiana. Plaintiff also seeks attorney's fees and costs associated therewith.

**COUNT 2: DECLARATION THAT BYLD IS NOT INFRINGING UPON TRADE DRESS**

33.

BYLD repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34.

Even if Forza could establish that some protectable trade dress rights exist (which is denied), BYLD has not infringed upon those rights.

35.

Based on public photographs of Forza's interior that are posted on social media, there are multiple differences between its design and the design of BYLD's Pilates room. The Forza studio appears to have eight reformer machines laid out in two rows of four; BYLD has six reformer machines in a single row. The Forza studio has large exposed wooden beams in its ceiling; BYLD does not. Forza appears to have a fireplace; BYLD does not. Forza appears to have a window in its studio facing outdoors; BYLD does not. Forza has four mirrors which it has represented as being manufactured by Arhaus; BYLD has five mirrors. Forza has three arched alcoves that appear to be on the other side of the room from the entryway; BYLD has two arched alcoves used for

4936-1646-5206 v1

storage on the same wall as its entryway; Forza's arched alcoves have no lights within the alcoves but have protruding light fixtures located between them; BYLD's alcoves have lights inset within them. BYLD's studio has numerous brass features; Forza's does not.

36.

These differences are fatal to any claim that BYLD has infringed upon Forza's trade dress, if indeed Forza even has a protectable trade dress.

37.

As such, Plaintiff has not infringed any rights of Forza under either the Lanham Act or the Louisiana Unfair Trade Practices Act ("LUTPA"), La R.S. 51:1401 *et seq*. BYLD therefore seeks a judgment declaring that BYLD has not infringed upon any trade dress rights owned by Forza by virtue of its interior design of its Pilates Studio. Plaintiff also seeks attorney's fees and costs associated therewith.

## RESERVATION OF RIGHTS

38.

BYLD expressly reserves any and all rights it has against Forza, including but not limited to rights under the Louisiana Unfair Trade Practices Act, stemming from, *inter alia*, Forza's contact with BYLD clientele.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BYLD respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

    a. Forza does not possess any protectable trade dress under any applicable laws;

    b. Plaintiff's studio in Moss Bluff, Louisiana does not infringe upon any trade dress rights of Forza under the Lanham Act, including 15 U.S.C §1125(a);

4936-1646-5206 v1

c. Plaintiff's studio in Moss Bluff, Louisiana does not infringe upon any trade dress rights of Forza under the Louisiana Unfair Trade Practices Act, La R.S. 51:1401, *et seq.*;

d. Plaintiff's studio does not dilute Forza's trade dress under 15 USC §1125(c);

e. Enjoining Forza from asserting its trade dress rights against Plaintiff in connection with its studio and Pilates related services;

f. Awarding Plaintiff its costs and fees incurred in this action; and

g. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip W. DeVilbiss
PHILLIP W. DEVILBISS (T.A.)(La. Bar Roll #26263)
KEAN MILLER LLP
4865 Ihles Road
Lake Charles, Louisiana 70605
Telephone:    337.430.0350
Facsimile:     337.436.5566
Email:          phillip.devilbiss@keanmiller.com

AND

DEVIN RICCI (La. Bar Roll #34724)
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone:    504.585.3050
Facsimile:     504.585.3051
Email:          devin.ricci@keanmiller.com

AND

TAYLOR DUNNE (La. Bar Roll #39166)
KEAN MILLER LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, Louisiana 70802
Telephone:     225.387.0999
Facsimile:      225.388.9133
Email:            taylor.dunne@keanmiller.com

4936-1646-5206 v1